O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL HILBERT, | ) | NO. CV 14-00919-VBF (MAN) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE RE: DISMISSAL FOR UNTIMELINESS |
| v. | ) ) | |
| DR. JEFFREY BEARD, | ) | |
| Respondent. | ) ) | |

On February 6, 2014, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"), as well as a supporting memorandum of point and authorities ("Pet. Mem.") and appendix of exhibits ("App."). Petitioner alleges that: on January 28, 2009, following a bench trial, he was convicted of committing a lewd act upon a child under the age of 14, oral copulation of a person under the age of 16, and sodomy of a person under the age of 16; and on May 14, 2009, he was sentenced to a total term of nine years and four months in state prison. (Petition at 2.) Petitioner further alleges that: he appealed his conviction; the California Court of Appeal affirmed the judgment on July 21, 2010; no petition for review was filed on direct appeal; and he unsuccessfully sought state habeas relief in the trial court, California Court of Appeal, and California Supreme Court in 2013. (Petition at 2-3; Pet. Mem. at 2, 4-5, and attached Exs. C-E.) Petitioner alleges that he exhausted the six claims pleaded in his Petition through his state habeas proceedings. (Pet. Mem. at 4-5.)

The Petition bears a January 30, 2014 signature date, and the envelope in which it was mailed indicates that Petitioner gave it to a correctional officer for mailing on that same date. That same envelope is postmarked January 31, 2014, and the Clerk's Office received and lodged the Petition on February 3, 2014. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on January 30, 2014.[1]

**DISMISSAL APPEARS TO BE WARRANTED DUE TO UNTIMELINESS**

As briefly noted above, Petitioner's direct appeal of his 2009 state conviction concluded in 2010, he sought state habeas relief in 2013, and the Petition was filed in early 2014. Thus, on its face, the Petition appears to be untimely, for the following reasons:

**A.     The Accrual And Running Of Petitioner's Limitations Period**

Petitioner alleges that he appealed his conviction to the California Court of Appeal, which denied relief on July 31, 2010 (Case No. B217150). Petitioner further alleges that he did not file a petition for review in the California Supreme Court. (Petition at 2-3.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets available electronically for the California Court of Appeal and the California Supreme Court.[2] These dockets confirm the accuracy of Petitioner's allegations regarding his direct appeal.

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. §

---

[1] "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] See http://appellatecases.courtinfo.ca.gov.

2244(d)(1).[3] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application* for a writ of habeas corpus." (Emphasis added.)  The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6, 125 S. Ct. 1807, 1813 n.6 (2005).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A).  *Cf.* Dodd v. United States, 545 U.S. 353, 357, 125 S. Ct. 2478, 2481 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases").  There is no basis for applying Section (d)(1)(B)-(D) here, as the habeas claims alleged in the Petition are based only on events that occurred, or failed to occur, before trial, at trial, or on appeal.[4]  Accordingly, Section

---

[3] The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

[4] Grounds One through Three relate to the issuance of a search warrant; Ground Four, which was raised in Petitioner's direct appeal,  alleges a claim that evidence was not produced by the prosecution in a timely manner; Ground Five alleges that the trial judge displayed bias; and Ground Six alleges that Petitioner's appointed appellate counsel provided ineffective assistance and was biased against Petitioner.

2244(d)(1)(A) governs the limitations period in this case.

After the California Court of Appeal affirmed Petitioner's conviction on July 21, 2010, and he failed to file a petition for review, his conviction became final on August 30, 2010.  *See* Rules 8.264(b) and 8.500(e)(1) of the California Rules of Court.  Therefore, Petitioner had until  August 30, 2011, to file a timely federal habeas petition.  As the instant Petition was not "filed" until January 30, 2014, it was untimely by almost two and a half years, absent tolling.

### B.     Statutory Tolling Is Not Available.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. Additionally, in appropriate circumstances, applications for state post-conviction relief filed in an upward progression may be deemed "pending" under Section 2244(d)(2) "even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay."  Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also* Carey v. Saffold, 536 U.S. 214, 217-25, 122 S. Ct. 2134, 2137-41 (2002) (for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court").  The availability of such continuous tolling under Section 2244(d)(2) -- commonly referred to as interval or gap tolling -- requires satisfaction of a timeliness requirement, *i.e.,* a prisoner must have acted promptly in seeking relief at each state court level. *See* Evans v. Chavis, 546 U.S. 189, 191, 126 S. Ct. 846, 849 (2006) (state petitions held to be untimely under California law were not "pending" under Section 2244(d)(2)); Pace, 544 U.S. at 414, 125 S. Ct. at 1812 ("[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)").

After Petitioner's appeal concluded, close to three years passed. On an unspecified date in June 2013, Petitioner filed a habeas petition in the trial court in which he raised his present claims. On June 28, 2013, the trial court denied the petition on the principal ground that it was untimely and, alternatively, on its merits and on a procedural ground. (Pet. Mem. at 4; App. Ex. C.) On August 22, 2013, Petitioner filed a habeas petition in the California Court of Appeal in which he raised the same claims. The state appellate court denied that petition summarily on August 28, 2013. (App. Ex. D.) On September 22, 2013, Petitioner filed a habeas petition in the California Supreme Court, again raising the same claims. The state high court denied that petition summarily on October 20, 2013. (App. Ex. E.)

Petitioner may not receive statutory tolling under Section 2244(d)(2) for two reasons. First, the trial court denied habeas relief on the ground, *inter alia*, that the petition was untimely. The silent, summary denials of relief by the California Court of Appeal and the California Supreme Court are presumed to rest upon the same ground. *See, e.g.*, Ylst v. Nunnemaker, 501 U.S. 797, 803-06, 111 S. Ct. 2590, 2594-96 (1991) (discussing the "look through" presumption applicable when a silent state appellate court order follows a lower court order imposing a procedural default); Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir. 2009) (looking though the California Supreme Court's and California Court of Appeal's silent habeas denials to the trial court's reasoned decision denying relief on the ground that the habeas petition was untimely), *abrogated on another ground by* Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120 (2011); Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005), *as amended by* 439 F.3d 993 (9th Cir. 2006) (same); *see also* Hamilton v. Adams, 533 Fed. Appx. 802 (9th Cir. July 22, 2013) (when trial court denied habeas petition both as untimely and on its merits, the look through presumption applied to the subsequent summary denials by California Court of Appeal and California Supreme Court, which meant that those courts also denied relief based on untimeliness and, and thus, statutory tolling

was unavailable).[5]

Thus, each of the California courts which have considered Petitioner's habeas petitions found them to be untimely. It is abundantly clear that when a state court finds a post-conviction filing to be untimely, it is not "properly filed" for purposes of Section 2244(d)(2) and, thus, cannot serve as a basis for statutory tolling. *See* Allen v. Seibert, 552 U.S. 3, 6, 128 S. Ct. 2, 4 (2007) (*per curiam*) ("a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely"); Chavis, 546 U.S. at 192-201, 126 S. Ct. at 849-54 (state petitions held to be untimely under California law were not "pending" under Section 2244(d)(2)); Pace, 544 U.S. at 414, 125 S. Ct. at 1812 ("[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)"); Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir. 2011) ("we have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards'") (citation omitted), *cert. denied* 131 S. Ct. 3039 (2011); Bonner, 425 F.3d at 1149 ("Under *Pace*, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled."). Accordingly, because the state courts found Petitioner's habeas petitions to be untimely, he may not receive statutory tolling for any of the time they were pending or for the gaps in time between them.

Second, and critically, even if the state courts had not found Petitioner's state habeas efforts to be untimely, he did not seek state habeas relief until *after* his federal limitations period had run. As noted above, once Petitioner's direct appeal became final, his limitations period commenced running on August 31, 2010, and it expired on August 30, 2011. Petitioner concedes that he did not seek state habeas relief until some time in June 2013 -- at least 21 months after

---

[5] In Bonner, the Ninth Circuit further concluded that Section 2244(d)(2) tolling is precluded even if the state court noted additional grounds for denying the petition. 425 F.3d at 1148-49. *See also* Saffold, 536 U.S. at 225-26, 122 S. Ct. at 2141 (alternative rulings do not make a petition timely and "properly filed").

his limitations period had expired. As a result, none of those three state habeas petitions can serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Accordingly, Section 2244(d)(2) tolling is not available in this case, and Petitioner's limitations period expired on August 30, 2011. Because the Petition was not "filed" until January 30, 2014, it is untimely by almost two and a half years.

### C. No Basis For Equitable Tolling Is Apparent.

The Supreme Court has made clear that the one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. Holland v. Florida, 560 U.S. 631, 645-49, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g.,* Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also* Lakey, 633 F.3d at 786 (noting the "necessity" of a "high threshold" for application of the equitable tolling doctrine).

As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649, 130 S. Ct. at 2562 (citation omitted); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005). Both elements must be met. *Id.* at 418, 125 S. Ct. at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also* Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner has not alleged any basis for applying the equitable tolling doctrine. Moreover, none is apparent, because the claims raised in the Petition were known to Petitioner and/or should have been known to him prior to trial, at trial, and at the time of his appeal.

Grounds One through Three of the Petition stem from a search and seizure that Petitioner contends was improper. In Ground One, Petitioner alleges that the warrant affidavit was stale, and thus, the search and seizure was unreasonable and violated the Fourth Amendment. In Ground Two, Petitioner alleges that the evidence presented against him was obtained pursuant to a facially invalid and stale warrant, in violation of the Fourth Amendment. In Ground Three, Petitioner alleges that, because the magistrate signed an invalid search warrant, the magistrate was not impartial. The record shows that, prior to trial, Petitioner moved to suppress evidence seized from his residence, arguing that the information in the affidavit was stale, lacked particularity, and did not establish probable cause, and that the good faith exception did not save the warrant. The trial court denied the motion. People v. Hilbert, 2010 WL 2840046, at *1-*3 (Cal. App. 2 Dist. July 21, 2010). The record also shows that, after Petitioner's appointed counsel filed a *Wende* brief in his direct appeal: the appellate record was augmented to include the motion to suppress, related briefing, and the search warrant and affidavit; and on June 2, 2010, Petitioner personally filed a supplemental brief on appeal. (*See* Case No. B217150 docket.) As the events that are the bases for Grounds One through Three occurred at trial, Petitioner would,

or should, have been aware of them as of the time of trial. Petitioner was convicted in January 2009, and he raised claims on his own in his direct appeal in mid-2010. Accordingly, there is no justification for his three-year delay in raising Grounds One through Three, *i.e.*, until June 2013, when he filed his trial court habeas petition.[6]

Ground Four of the Petition raises a claim that Petitioner appears to have raised himself in his direct appeal. *See* People v. Hilbert, 2010 WL 2840046, at *4. Thus, there is no justification in his delay in waiting three years before raising it again in his state habeas proceedings.

Ground Five asserts that the trial judge was biased against Petitioner, because Petitioner received a bench trial and the trial judge exhibited impatience and a lack of courtesy. These asserted facts, indisputably, were known to Petitioner at the time of the January 2009 trial, during which he would have learned of them. Nonetheless, Petitioner waited four and a half years before raising this claim in his first state habeas petition -- a delay that is inexplicable and without justification.

---

[6] The Court notes that, regardless of their untimeliness, Grounds One through Three of the Petition appear to be barred by Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037 (1975), in which the Supreme Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494, 96 S. Ct. at 3052. Under Stone, "[a] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); *see also* Villafuerte v. Stewart, 111 F.3d 616, 627 (9th Cir. 1997). In determining whether a habeas petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim in state court, "[t]he relevant inquiry is whether petitioner had the *opportunity* to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval, 81 F.3d at 899 (emphasis added); *see also* Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (as long as the petitioner "had an opportunity in state court for 'full and fair litigation' of his fourth amendment claim," habeas relief is foreclosed on his claim that an unconstitutional search and seizure occurred). The Ninth Circuit has concluded that California provides criminal defendants with a full and fair opportunity to litigate their Fourth Amendment claims through the motion to suppress remedy provided by California Penal Code § 1538.5, which establishes a specific mechanism for defendants to seek the suppression of evidence on the ground that it was obtained through unconstitutional means. *See id*.; *see also* Locks v. Summer, 703 F.2d 403, 408 (9th Cir. 1983). Here, Petitioner plainly availed himself of the Section 1538.5 mechanism through his motion to suppress.

Ground Six asserts that Petitioner's appellate counsel provided ineffective assistance by filing a *Wende* brief. Petitioner contends that appellate counsel did so because she was biased against him, which he contends is demonstrated by the facts that: he and the victim are Black, the victim is a female, and the nature of the crime; and counsel sent Petitioner a letter on April 30, 2010, and the envelope in which it was mailed bore a U.S. Postal Service stamp representing the State of Mississippi, on which a Confederate flag is depicted. As of at least March 2010, Petitioner knew that his appellate counsel had filed a *Wende* brief, given his requests for extensions of time to file a supplemental brief and the fact that he filed a supplemental brief. As of his receipt of the April 30, 2010 mailing from appellate counsel, Petitioner knew of the stamp she had used. Plainly, at all times since he was charged and convicted, Petitioner knew his own race and the race and gender of the victim, as well as of the nature of the crime of which he was convicted. In short, by no later than May 2010, Petitioner knew all of the bases for Ground Six. There is no justification for his delay of over three years in raising the substance of this claim in the state courts.

In sum, Petitioner's six claims were known to him by May 2010, at the latest, and in some instances well before then. The fact that Petitioner filed a supplemental brief on direct appeal raising one of these claims demonstrates his ability to pursue relief on that claim as of early June 2010. Inexplicably, however, he waited until June 2013 -- close to two years after his federal limitations period had expired -- before making any effort to exhaust his claims and pursue federal habeas relief. Under these circumstances, the Court cannot find either prong of the equitable tolling doctrine satisfied. The Petition, thus, remains untimely by almost two and a half years.

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. <u>Day v. McDonough</u>, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1126 (9th Cir. 2012). For the reasons discussed above, the Petition is facially untimely. Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should

not be dismissed on the ground of untimeliness. **By no later than April 23, 2014**, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is untimely, he shall state this concession clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and he must provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.

DATED: March 19, 2014.

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE