UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL HILBERT,**<br><br>        **Petitioner,**<br><br>  v.<br><br>DR. JEFFREY BEARD,<br><br>        Respondent. | NO. LA CV 14-00919-VBF-MAN<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>Dismissing Habeas Petition with Prejudice as Untimely |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and accompanying memorandum of points and authorities and appendices (Documents ("Docs") 1-3), the United States Magistrate Judge's Order to Show Cause why the habeas petition should not be dismissed as untimely (Doc 8) and petitioner's response thereto (Doc 9), all of the records herein, the Magistrate Judge's Report and Recommendation ("R&R") (Doc 10), and petitioner's timely objection to the R&R (Doc 12). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which specific objections have been lodged.

      Petitioner has raised a new argument in his objection that was not presented to the Magistrate Judge. Petitioner now contends that dismissing this action on the ground that the habeas petition is untimely (as he admits) would violate the Suspension Clause of the United States Constitution. A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to an R&R. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United States v. Howell,* 231 F.3d 615,

621-22 (9th Cir. 2000). The Court has exercised its discretion to consider this new argument, but concludes that it does not affect or alter the analysis and conclusions set forth in the R&R.

In *Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000), the Ninth Circuit rejected a Suspension Clause challenge to the application of 28 U.S.C. § 2244(d)(1), finding that, because the AEDPA limitations period is not jurisdictional and is subject to equitable tolling, the habeas remedy has not been rendered inadequate or ineffective, and thus, the Suspension Clause is not implicated. *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (reiterating that 28 U.S.C. § 2244(d)(1) does not violate the Suspension Clause, because it "leaves petitioners with a reasonable opportunity to have their federal claims heard" and is only a "limitation, not a suspension") (citing *Green*, 223 F.3d at 1003), *cited by Lee v. Lampert*, 653 F.3d 929, 936 (9th Cir. 2011) (en banc) ("Given our holding, we need not revisit *Ferguson*'s holding on the Suspension Clause . . . .").[1]

Petitioner's argument fails for the same reasons that have caused courts to consistently reject similar Suspension Clause arguments. All statutes of limitations operate to place limits on a person's right to bring claims by requiring that claims must be brought within a reasonable time period, yet, as a rule, they do not violate the Constitution. The AEDPA limitations period did not preclude Petitioner from seeking to challenge his conviction through a habeas petition; rather, it simply required that he do so in a timely fashion. The habeas remedy is not inadequate or ineffective for those who diligently pursue it, and the AEDPA limitations period, as applicable here, certainly provided Petitioner with a reasonable opportunity to have his claims heard on the merits. That he neglected to avail himself of that opportunity until it was too late is a matter of his own doing and not the result of any unconstitutional infringement.

Moreover, as a sister circuit recently said of AEDPA, "Regardless of the limits that the Act places on the power of our Court, the Act does not strangle the power of the Supreme Court to grant an Original

---

[1] *Cf. Felker v. Turpin*, 518 U.S. 651, 663-64, 116 S. Ct. 2333, 2340 (1996) (rejecting a Suspension Clause challenge to the AEDPA provisions which restrict the right to file second-or-successive section 2254 habeas petitions in federal court attacking the same state-court conviction and/or sentence); *Howard v. Warden*, No. 13-12274, – F.3d –, 2014 WL 4437243 (11th Cir. Sept. 10, 2014) (rejecting federal habeas petitioner's argument that requiring her to assert her claims pursuant to section 2255 rather than section 2241 would violate the Suspension Clause).

Writ." *Samak v. Warden, FCC Coleman-Medium*, No. 13-12161, – F.3d –, 2014 WL 4441203, *20 (11th Cir. Sept. 10, 2014) (citing *Felker*, 518 U.S. at 658, 116 S. Ct. 2333). As the Eleventh Circuit cogently reasons, "[t]he Act cannot transgress the constitutional right of prisoners who allege that they have been erroneously sentenced or unlawfully tried when the Supreme Court retains its power to grant an Original Writ. The Supreme Court affirmed this proposition as early as 1868 . . . ." *Samak*, – F.3d at –, 2014 WL 4441203 at *20 (citing *Felker*, 518 U.S. 651, and *Ex Parte Yerger*, 75 U.S. (8 Wall.) 85, 105, 19 L. Ed. 332, 1868 WL 11063 (Dec. Term 1868)).

Having completed its review, the Court concludes that the habeas petition is untimely. The Court accepts and adopts the Report and the findings of fact, conclusions of law, and the recommendations therein. Accordingly, the Court orders as follows:

The habeas corpus petition is **dismissed with prejudice.**

This action is dismissed with prejudice.

As required by Fed. R. Civ. P. 58(a), final judgment consistent with this Order will be entered by separate document.

The Clerk of Court shall serve copies of this Order and the Judgment herein on the parties.

DATED:     September 19, 2014

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE